Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed April 8, petition for review denied June 4, 2009 (346 Or 258)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN MICHAEL WILLIAMS,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR030649; A124925

206 P3d 213

Louis R. Miles, Deputy Public Defender, for appellant

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Williams*, 209 Or App 596, 149 P3d 171 (2006) (*Williams I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Williams*, 345 Or 316, 195 P3d 64 (2008). In *Williams I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Williams I* was erroneous. Accordingly, we affirm.

Defendant was convicted of three counts of third-degree rape and six counts of third-degree sodomy. The trial court imposed a durational departure sentence of 60 months' incarceration on one of the third-degree rape convictions. The court gave the following reasons for its decision to impose a departure sentence:

"I do find in this case that the defendant did violate a position of trust. As I've already articulated, he was there, he was living with the victim, the girl's mother. He was there in the role of a caretaker for the children while she was at work on many occasions.

"* * * * *

"* * * [B]ecause of her age, she was particularly vulnerable to his actions and continuing actions. And that all ties together. I think that all qualifies easily in my mind for what the legislature had in mind as an aggravating factor[.]

"[H]e was on supervision, post-prison supervision, at the time these offenses occurred. Without saying more, that's an aggravating factor.

"Next, and I've already spoken to this, * * * we're talking about probation or post-prison supervision, but he's been on supervision. We've tried alternatives with him in

the past. He's failed. And somewhere in the PSI there was—if I can find it—but there was a statement that there had been like 12 trust violations. 12 violations of parole or probation. I don't know if that number is correct, but if you'll look at the history, criminal history that starts on page I guess 3 of the PSI and goes over on page 4. There are just multiple violations. And so that's another—that's another aggravating factor.

"* * * * *

"* * * And I'm going to say that they're all serious aggravating factors. And any one of them, any one of those would be sufficient for a departure sentence."

Because the trial court stated on the record that each of the departure factors it found was independently sufficient to support its decision to depart, we need examine only the departure factor of defendant's supervision status at the time he committed his offenses. The trial court observed:

"Defendant's been on various forms of probation or post-prison supervision in the past and he's I think virtually always failed. Somewhere in here I read there had been like 12 times, if that's correct. I mean he's just not a candidate for probation. It's extremely unlikely and quite predictable that [h]e won't change this time. And so, you know, the necessary conclusion is that the only real goal in sentencing here is to just keep him away from women and little girls."

As we explained in *State v. Allen,* 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons,* 202 Or App 565, 123 P3d 331 (2005), *rev den,* 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." On this record, we conclude that there is no legitimate debate that the jury would have drawn the inferences required by *Allen,* given the combination of defendant's supervision status at the time he committed his offenses and his extensive history of failing to comply with (and thus demonstrating his failure to be deterred by) the terms of his prior post-prison supervision and probation sentences. *See Ramirez,* 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on

judicial findings of fact). Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.